IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| T.G. and E.G., *minors and their parent, Tracy Masters*, and TRACY MASTERS,<br><br>Plaintiffs,<br><br>vs.<br><br>BOARD OF TRUSTEES; BILLINGS ELEMENTARY SCHOOL DISTRICT NO. 2; BILLINGS HIGH SCHOOL DISTRICT NO. 2; GREG UPHAM, *in his individual capacity as Superintendent of the Billings Public School District*; and JANNA HAFER, RUSSELL HALL, JENNIFER HOFFMAN, MIKE LEO, SCOTT MCCULLOCH, GRETA BESCH MOEN, ZACK TERAKEDIS, BRIAN YATES, CRAIG VAN NICE, and TANYA LUDWIG, *all in their individual capacities and in their capacities as members of the Billings Public School District Board of Education*,<br><br>Defendants. | CV 21-111-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

On November 1, 2021, pro se Plaintiffs T.G. and E.G., minors, and their parent, Tracy Masters ("Plaintiffs") brought this action against Defendants Board of Trustees, Billings Elementary School District No. 2, and Billings High School District No. 2 (collectively, "School District"); Greg Upham, in his individual and

1

official capacity as Superintendent of the Billings Public School District; and Janna Hafer, Russell Hall, Jennifer Hoffman, Mike Leo, Scott McCulloch, Greta Besch Moen, Ph.D, Zack Terakedis, Brian Yates, Craig Van Nice, and Tanya Ludwig, all in their individual capacities "and in their capacity as members of the Billings Public School District Board of Education" (collectively, "Defendants").

## I. Background

In the Complaint, Plaintiffs allege claims arising out of the School District's mandatory masking requirements that were implemented to mitigate the spread of COVID-19.[1] (*See* Doc. 1.) Defendants filed Motions to Dismiss on January 28, and February 18, 2022, pursuant to Fed. R. Civ. Pro. 12(b)(5), alleging insufficient service of process as to all Defendants. (Docs. 6, 9.) Defendants argue dismissal is appropriate because Plaintiffs failed to properly serve Defendants within 90 days

---

[1] The Court notes that the mandatory mask mandate, which this action is based upon, was lifted at the end of the school day on February 11, 2022. Notice of lifting the mask requirement was provided on the Billings Public Schools' Facebook page. Facebook (February 9, 2022, at 3:59 PM), https://www.facebook.com/billingsschools/posts/pfbid0RvtGiCrMEkH3Hq6t3gysZ5jh5HeXvRDGT8HQ6ZeNicrt8Lv4LCfuDAPQETVN5gqal?__cft__[0]=AZX5mWMh3eRz-bfFwBFVa1sPgPMlYTVa3wyb5QiBHyEsao9N-oTlVbEqdEGn0rz_BkcUmtzPaKUk_S_DucC_VXXa6j0U7pzBqIKtoJr4lpp_-J9aBMcDtkUAsnY-NqElLZ-Z9wOublu7H_bLN9h2jzXa39DbdE15th_1DirVZeNOHg&__tn__=%2CO%2CP-R. The termination of the mask mandate presents the issue of whether Plaintiffs' claims are also moot. Nevertheless, because this action is subject to dismissal under Fed. R. Civ. P. 41(b), this issue is not addressed.

after the Complaint was filed and Plaintiffs' attempted service was ineffective under Fed. R. Civ. P. 4. Pursuant to Local Rule 7.1(d)(1)(B), Plaintiffs' responses to the motions were due on February 18 and March 11, 2022. Plaintiffs did not respond to either motion.

On May 9, 2022, therefore, the Court issued an order requiring Plaintiffs to appear in writing by May 31, 2022, and show cause why this case should not be dismissed for failure to effect service as required by Fed. R. Civ. P. 4 and/or failure to respond to Defendants' motions as required by L.R. 7.1(d)(1)(B). Plaintiffs were also specifically advised that failure to respond to the show cause order would result in a recommendation that this case be dismissed. To date, Plaintiffs have failed to respond to the Defendants' motions and to the Court's order.

## II.   Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order. . . ." The Court may dismiss a case on its own without awaiting a motion. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In determining whether a plaintiff's failure to prosecute warrants dismissal of the case under Rule 41(b), the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (applying Rule 41(b)); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Here, Plaintiffs have failed to respond to Defendants' motions and failed to comply with the Court's order to show cause why this action should not be dismissed. In addition, Plaintiffs have not sought additional time in which to file a response. This factor weighs in favor of dismissal.

The second factor also supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Court cannot manage its docket if Plaintiffs do not respond to

motions or comply with the Court's orders. This case also cannot proceed if Plaintiffs fail to participate. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to Defendants. A rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case. Plaintiffs have not responded to Defendants' motions, which were due by February 18 and March 11, 2022.

The Court has also considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Here, Plaintiffs failed to respond to Defendants' Motions to Dismiss within 21 days as required by L.R. 7.1(d)(1)(B). If a responding party fails to comply with L.R. 7.1(d)(1)(B), the Court may consider the unopposed motion well-taken. *See also Anato v. U.S. Dep't of Agric.*, 2018 WL 4375165, at *1-2 (D. Mont. Aug. 2, 2018). Nonetheless, Plaintiffs were given the additional opportunity to respond and show cause why this case should not be dismissed, and were warned that failure to respond would result in a

5

recommendation that this matter be dismissed. Plaintiffs did not respond and have not otherwise appeared in this action for over seven months. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. This matter is, therefore, subject to dismissal for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

### III.   Conclusion

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.   This action should be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and to comply with the Court's show cause order;

2.   Defendants' Motions to Dismiss (Docs. 6, 9) should be **DENIED** as moot; and

3.   The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies

served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 6th day of July, 2022.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge